Mr. Bob Stover Arkansas Gazette P.O. Box 1821 Little Rock, AR 72203
Dear Mr. Stover:
You have requested an opinion regarding the Arkansas Freedom of Information Act as amended by Act 49 of 1987, the same being Ark. Stat. Ann. 12-2801 et seq. Specifically, you wish to know if the Benton Public Schools must disclose the circumstances surrounding the decision to place a high school principal on probation.
The controlling language is found in two provisions of the Freedom of Information Act. First, Ark. Stat. Ann. 12-2805 requires the following:
 No resolution, ordinance, rule, contract, regulation or motion considered or arrived at in executive session will be legal unless following the executive session, the public body reconvenes in public session and presents and votes on such resolution, ordinance, rule, contract, regulation, or motion.
Upon arriving at the decision to place an employee on probation a school board must reconvene and vote in public session in order for the decision of the board to be binding. Like any business transacted in open session, the minutes of the body's meeting should reflect the vote and the decision reached. These minutes, along with any other relevant documentation presented in public session, are considered to be public records and are subject to the inspection and copying provisions of the Freedom of Information Act.
The second provision of the Freedom of Information Act which relates to your question can be found in Ark. Stat. Ann 12-2804. It provides in pertinent part:
 It shall be the specific intent of this Section that the following shall not be deemed to be made open to the public under the provisions of this Act: . . . and personnel records to the extend that disclosure would constitute a clearly unwarranted invasion of personal privacy. Provided, however, that all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only (1) upon final administrative resolution of any suspension or termination proceeding at which such records form a basis for the decision to suspend or terminate the employee, and (2) if there is a compelling public interest in their disclosure.
If the governing body in question here relied upon employee evaluations or other job performance records in reaching their decision, the records would remain shielded from public view. The above language is clear in that it contemplates the release of performance records only when the decision is to suspend or terminate. Since the decision here is to place the employee on probation, the criteria for release has not been met.
If the board's decision is based on documents other than job performance or employee evaluations, it would be necessary to determine if the release of the information would constitute a clearly unwarranted invasion of personal privacy before. I lack sufficient information at this time to make such a determination.
In sum, the minutes of the meeting at which a school board voted to place a principal on probation are considered to be public records and are open to public scrutiny. Supporting documentation presented and discussed in a public session would likewise be subject to public inspection.
Further, the performance records of an employee placed on probation are not subject to the public inspection provisions of the Freedom of Information Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. Randy McNair.